Filed 3/15/24  P. v. Cobb CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>PABLO ANDRES COBB,<br><br>　　　　Defendant and Appellant. | C099046<br><br>(Super. Ct. No. 96F07199) |

　　　　In 1998, a jury convicted Pablo Andres Cobb of first degree murder, burglary, and attempted robbery.  The jury also found true special circumstance allegations that defendant committed the murder while committing a burglary and a robbery, and an allegation that defendant personally used a firearm.  In 2022, defendant filed a petition

1

for resentencing under Penal Code[1] section 1172.6, which the trial court denied.[2]  On appeal, he argues the trial court incorrectly denied his petition based on the jury instructions given at his trial.  We will affirm the trial court's order.

BACKGROUND

In 1998, a jury found defendant guilty of first degree murder (§ 187, subd. (a)), burglary (§ 459), and attempted robbery (§§ 664, 211).  The jury also found true allegations defendant personally used a firearm as to each count (§ 12022.5, subd. (a)) and special circumstance allegations defendant committed the murder during a burglary and attempted robbery (§ 190.2, subd. (a)(17)(G), (A)).

We affirmed the judgment on appeal and described the evidence at trial.  (*People v. Avila et al.* (May 2, 2002, C029883) [nonpub. opn.].)  In short, defendant and two codefendants attempted to rob the victim at his apartment.[3]  The victim resisted and was shot and killed.  In a later police interview, defendant admitted he shot the victim.  (*Ibid.*)

In 2022, defendant filed a petition for resentencing under section 1172.6.  The parties filed briefs attaching the relevant jury instructions.  The trial court instructed the jury on general principles of aiding and abetting using CALJIC Nos. 3.00 and 3.01.  The trial court instructed the jury on first degree murder using:  CALJIC No. 8.10 (Murder -- Defined); CALJIC No. 8.11 (Malice Aforethought -- Defined); CALJIC No. 8.20 (Deliberate and Premeditated Murder); and CALJIC No. 8.21 (First Degree Felony-

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    Defendant filed his petition under former section 1170.95.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.)  We will cite to the current section 1172.6 throughout this opinion.

[3]    The trial court tried all three defendants jointly with two separate juries:  one for defendant and one for the codefendants.

2

Murder). The jury was not instructed with CALJIC No. 8.27 (First Degree Felony Murder -- Aider and Abettor) or any other felony murder aider and abettor instructions.

The introductory instruction for the special circumstance allegations, a modified version of CALJIC No. 8.80.1, stated, "If you find the defendant in this case guilty of murder of the first degree, you must then determine if one or more of the following special circumstances are true or not true: (1) that the murder was committed by defendant while engaged in the crime of burglary ([section] 190.2(a)(17)(vii)); and (2) that the murder was committed by defendant while engaged in the commission or attempted commission of a robbery ([section] 190.2(a)(17)(i)). [¶] . . . [¶] If you are satisfied beyond a reasonable doubt that the defendant actually killed a human being, you need not find that the defendant intended to kill in order to find the special circumstance to be true."

The jury instruction omitted a paragraph from the pattern jury instruction CALJIC No. 8.80.1, reading, "If you find that a defendant was not the actual killer of a human being, or if you are unable to decide whether the defendant was the actual killer or an aider and abettor, you cannot find the special circumstance to be true as to that defendant unless you are satisfied beyond a reasonable doubt that such defendant with the intent to kill aided, abetted, counseled, commanded, induced, solicited, requested, or assisted any actor in the commission of the murder in the first degree, or with reckless indifference to human life and as a major participant, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted any actor . . . in the commission of the crime of burglary, robbery or attempted robbery which resulted in the death of a human being."[4] (Brackets removed.)

---

[4] A version of this portion of the jury instruction was used to instruct the jury for codefendants.

The trial court instructed the jury on the elements of the special circumstance allegation using CALJIC No. 8.81.17, which stated, "To find that the special circumstance, referred to in these instructions as murder in the commission of burglary or robbery or attempted robbery, is true, it must be proved: [¶] 1a. The murder was committed while the defendant was engaged in or aided and abetted in the commission or attempted commission of a burglary or robbery; and [¶] 2. The murder was committed in order to carry out or advance the commission of the crime of burglary or robbery or attempted robbery or to facilitate the escape therefrom or to avoid detection. In other words, the special circumstance referred to in these instructions is not established if the attempted burglary or robbery or burglary or robbery was merely incidental to the commission of the murder."

The trial court held a hearing and the parties argued whether defendant could be characterized as the "actual killer" in the murder based on the jury instructions used at trial. The prosecution argued the trial court could also consider defense counsel's closing argument from trial, which acknowledged defendant shot the victim.

The trial court issued a written order dismissing the petition. The court indicated it was not relying on the factual recitation in the direct appeal opinion. The language in CALJIC No. 8.80.1, however, required the jury to find defendant was the actual killer to find the special circumstance allegations true. Because defendant could still be found guilty of murder under current law as an actual killer, he was ineligible for relief. The trial court also noted that although it did not need to decide whether the closing argument could be considered, trial counsel did concede defendant was the shooter at trial.

Defendant filed a timely notice of appeal.

DISCUSSION

Defendant argues the trial court erred when it found defendant ineligible for relief because the jury's findings do not necessarily mean that defendant was the actual killer. Defendant claims CALJIC No. 8.80.1 could have allowed the jury to find the special

4

circumstance allegations true based on a theory that defendant was an aider or abettor who acted with intent to kill, rather than as the actual killer. We see no merit in defendant's argument.

A.      *Senate Bill No. 1437*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The legislation accomplished this by amending sections 188 and 189 and adding section 1172.6 to the Penal Code.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) amended the felony-murder rule by adding section 189, subdivision (e). (*Harden* (2022) 81 Cal.App.5th 45, 50-51 (*Harden*); see *People v. Strong* (2022) 13 Cal.5th 698, 707-708.) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2." (Stats. 2018, ch. 1015, § 3.)

These amendments did "not eliminate direct aiding and abetting liability for murder because a direct aider and abettor to murder must possess malice aforethought." (*People v. Gentile* (2020) 10 Cal.5th 830, 848.) Put another way, "section 189, as amended, now limits liability under a felony-murder theory principally to 'actual

5

killer[s]' ([ ] § 189, subd. (e)(1)) and those who, 'with the intent to kill,' aid or abet 'the actual killer in the commission of murder in the first degree' (*id.*, subd. (e)(2))." (*People v. Strong, supra*, 13 Cal.5th at p. 708.) For a direct aider and abettor, this requisite intent to kill is established if the "accomplice aids the commission of that offense with 'knowledge of the direct perpetrator's unlawful intent and [with] an intent to assist in achieving those unlawful ends.' " (*Gentile*, at p. 843.) Thus, a defendant who aided and abetted a murder with the intent to kill is also ineligible for resentencing under section 1172.6.

Section 1172.6 includes a prima facie determination. Under subdivision (c), the trial court must receive briefing from the parties and "determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c).) As part of the prima facie determination, a defendant must show he was convicted of murder and that he could not presently be convicted of such because of changes to section 188 or 189, effective January 1, 2019. (§ 1172.6, subd. (a)(2) & (a)(3).)

"[T]he 'prima facie bar was intentionally and correctly set very low.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 972.) The trial court must accept the defendant's allegations as true and "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Ibid.*) "The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless. This is consistent with the statute's overall purpose: to ensure that murder culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process." (*Lewis*, at p. 971.)

6

A denial at the prima facie stage " 'is appropriate only if the record of conviction demonstrates that "the petitioner is ineligible for relief as a matter of law." [Citations.] This is a purely legal conclusion, which we review de novo.' " (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

B.      *Analysis*

Here, the jury instructions and verdicts demonstrate, without factfinding or relying on the opinion from defendant's direct appeal, that the jury necessarily found defendant was the actual killer. The trial court used CALJIC Nos. 8.10 and 8.21 to instruct the jury on two theories of murder: malice murder and felony murder. The trial court also instructed the jury on the special circumstance allegations using a modified version of CALJIC No. 8.80.1 similar to the instruction used in *Harden, supra*, 81 Cal.App.5th at page 55, footnote 8, which included a paragraph reading, "If you are satisfied beyond a reasonable doubt that the defendant actually killed a human being, you need not find that the defendant intended to kill in order to find the special circumstance to be true." As the *Harden* court noted, a true finding based on this instruction must mean that defendant was either the actual killer or had a specific intent to kill. (*Id.* at p. 55, fn. 8.) In either case, defendant could still be convicted of felony murder under the amended section 189 and would thus be ineligible for relief under section 1172.6. (*Harden*, at p. 55, fn. 8.)

Moreover, the combination of felony murder jury instructions used to convict defendant makes clear that if he was convicted on a felony-murder theory, he could only have been convicted as the actual killer. At the time of defendant's trial, "the felony-murder rule had three aspects. First, it was a rule of strict liability: It made a killer guilty of murder even when he or she had no intent to kill. Second, it was a rule of vicarious liability: It made a nonkiller guilty of murder. [Citations.] Taking these aspects together, it made *either* a killer *or* a nonkiller guilty of murder, regardless of any participant's intent to kill. It also had the third aspect, not particularly relevant here, of fixing the degree of the murder as first degree.

7

"Here, however, the jury was *not* instructed on the felony-murder rule as a theory of *vicarious* liability.  It was instructed on it *only* as a rule of *strict liability* and of *degree-fixing*." (*People v. Bratton* (2023) 95 Cal.App.5th 1100, 1123.)  As in *Bratton*, the jury was instructed using CALJIC No. 8.10, which set forth the strict liability nature of felony murder, and CALJIC No. 8.21, which designated the felony murder as first degree murder.  (*Bratton*, at p. 1123.)  However, the trial court did not instruct the jury using CALJIC No. 8.27, the vicarious liability instruction, "which would have stated:  'If a human being is killed by any one of several persons engaged in the commission or attempted commission of the crime of [robbery or burglary], all persons, who either directly and actively commit the act constituting such crime, or who with knowledge of the unlawful purpose of the perpetrator of the crime and with the intent or purpose of committing, encouraging, or facilitating the commission of the offense, aid, promote, encourage, or instigate by act or advice its commission, are guilty of murder of the first degree.' " (*Bratton*, at p. 1123.)  Thus, if defendant was convicted under a felony-murder theory, it could only have been as the actual killer.  (*Ibid.*)

Defendant argues *Harden* is distinguishable and that the more comparable case is *People v. Lopez* (2022) 78 Cal.App.5th 1, 20, which rejected an argument that a true robbery-murder special-circumstance finding established the defendant was the actual killer.  As the *Harden* court noted, however, the jury instructions in *Lopez* were "materially dissimilar" to those here.  (*Harden, supra*, 81 Cal.App.5th at p. 59.)  Notably, the "actually killed" language from CALJIC No. 8.80.1 was absent and CALCRIM No. 730, the special circumstance instruction in *Lopez*, required only that " 'defendant did an act that caused the death of another person.' " (*Harden,* at p. 58.)  We likewise reject defendant's argument that the great bodily injury finding from *Harden* was critical to its conclusion; that finding was only one among multiple dispositive factors in the case.  (*Id.* at p. 55.)

8

Finally, defendant argues the "actually killed" language in CALJIC No. 8.80.1 did not require a finding he was the actual killer but could imply merely a finding he intended to kill as an aider or abettor. Even accepting defendant's interpretation, he would be ineligible for relief. First, as noted above, aiding or abetting with intent to kill is still a permissible way to convict a defendant of felony murder after the changes to section 189. Second, defendant's argument relies on *People v. Curiel* (2023) 15 Cal.5th 433, for the proposition that intent to kill is inadequate to make him ineligible for relief, but *Curiel* does not support his ultimate conclusion. While *Curiel* did observe that a finding of intent to kill alone is not enough to refute a defendant's allegations in a section 1172.6 petition (*id.* at p. 463), it also considered a hypothetical situation where a jury found intent to kill, and also found "the other elements supporting felony murder under section 189 as amended, including (1) the commission or attempted commission of a felony enumerated in that statute and (2) the death of a person during the commission or attempted commission of the enumerated felony. In that case, if the jury additionally found intent to kill, it would 'ordinarily be dispositive' because the jury's findings would conclusively establish all of the elements of felony murder under current law. [Citations.] Considered together, the jury's findings would completely refute a petitioner's allegation that he or she could not currently be convicted of murder because of changes to sections 188 and 189." (*Curiel*, at p. 464.)

Here, even accepting defendant's interpretation of the special circumstance finding, he would fall squarely within the hypothetical posed in *Curiel*. The jury found that burglary and attempted robbery had been committed because it found defendant guilty of those counts. The jury also found that the victim's death occurred in the commission of those felonies, based on the felony murder instruction (CALJIC No. 8.21), which required the killing to occur "during the commission or attempted commission of the crime of burglary or robbery or attempted robbery" and the special circumstance

9

instructions (CALJIC Nos. 8.80.1 and 8.81.17), which had similar requirements.  Thus, defendant would still be ineligible for relief.

DISPOSITION

The trial court's order denying the section 1172.6 petition is affirmed.


/s/
Ashworth, J.*


We concur:


/s/
Earl, P. J.


/s/
Renner, J.

---

*        Judge of the El Dorado County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.